IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ORALIA STONE, individually and as )
personal representative of The Estate )
of THOMAS O. STONE, )
                               )
        Plaintiff, )
                               )
        v. ) Civ. No. 13-470-SLR/SRF
                               )
FOSTER WHEELER ENERGY )
CORPORATION, et al., )
                               )
        Defendants. )

**MEMORANDUM**

At Wilmington this 25th day of June, 2014, having reviewed the March 18, 2014

Report & Recommendation issued by Magistrate Judge Sherry R. Fallon and the

objections filed thereto by defendant Foster Wheeler Energy Corporation ("defendant");

the court declines to adopt the Report & Recommendation based on the following

reasoning:

1. In order to remove a state court action to federal court pursuant to the federal

officer removal statute, 28 U.S.C. § 1442(a)(1), a defendant must satisfy both the

substantive and procedural requirements of the statute.  With respect to the former, a

defendant must establish four substantive elements:  (1) defendant is a person as

defined in the statute; (2) it acted under the direction of a federal officer or agency; (3) it

has a colorable federal defense; and (4) there is a causal nexus between the federal

direction and the conduct at issue.  With respect to the latter requirement, a defendant

must timely remove the case by filing a notice of removal within thirty days after the receipt of the initial pleading, or removing within thirty days after receiving an amended pleading, motion, order or other paper from which removeability is ascertainable. 28 U.S.C. § 1446(b). It is defendant's burden to establish the timeliness of removal; i.e., a defendant has to sufficiently explain why it is that removability could only be ascertained at the time of removal. *See, e.g., Scearce v. 3M Co.,* Civ. No. 12-6676, 2013 WL 2156060 (D.N.J. May 16, 2013).

2. In the case at bar, plaintiff alleged in her complaint that her husband, Thomas O. Stone, "experienced occupational and bystander exposure to asbestos" while serving in the United States Coast Guard from 1958 to 1964, including exposure to such asbestos-containing products and equipment as "boilers." (D.I. 1, ex. A ¶ 27) Defendant is "a manufacturer of boilers and economizers for the United States Navy, among other equipment." (D.I. 36 at 1) In support of removal, defendant asserted that, "in the manufacture and sale of boilers and auxiliary equipment for the Navy, including all aspects of warnings associated with those pieces of equipment," it acted under the direction of an officer or agency of the United States within the meaning of § 1442(a)(1). (*Id.* at 3) According to defendant, removability was discernable only after it received a copy of Mr. Stone's military records which indicated that Mr. Stone served aboard the USCGC Chautauqua between 1962 and 1963. (D.I. 1, ex. B) The Notice of Removal includes the assertion that defendant "confirmed that it manufactured the marine boilers on the USCGC Chatauqua." (D.I. 1 at 2-3) Defendant maintains that it was Mr. Stone's military records, "when read in conjunction with the allegations in the Complaint, that allowed Foster Wheeler to determine that Plaintiff was alleging that Mr. Stone was

2

potentially exposed to asbestos that may have been used in conjunction with its marine boilers aboard that ship." (D.I. 103 at 4)

3. Having reviewed the facts in *Mims v. Foster Wheeler Energy Corporation,* Civ. No. 13-298-SLR/CJB (D.I. 226), as well as the facts at bar, it strikes me that the facts at bar are distinguishable and pass muster under the removal standards. In *Mims*, plaintiff alleged in his complaint that he was a pipefitter at a naval shipyard; at his deposition, he indicated that he saw Foster Wheeler boilers being worked on at the shipyard. I adopted the Report & Recommendation finding removal untimely, on the theory that placing the Foster Wheeler boilers at the shipyard did not add critical information to that contained in the complaint; i.e., if that information were a sufficient grounds for removal, defendant should have removed upon receipt of the complaint.

4. In the case at bar, the complaint alleges that Mr. Stone was exposed to such asbestos-containing equipment as boilers during his six years of service with the United States Coast Guard, with no location (not even a general location like a shipyard) identified. Mr. Stone's military records significantly focused the dates and location of his potential exposure to asbestos, that is, the USCGC Chautauqua between 1962 and 1963. With that information, defendant was able to confirm that it manufactured the marine boilers aboard that ship, thus providing a plausible causal nexus between plaintiff's claims and defendant's conduct performed under the direction of the federal government. *See Thomasson v. Air & Liquid Systems Corp.*, 2013 WL 3071304 (D.N.J. June 17, 2013).

3

5. Although I appreciate the fact that defendant is not necessarily consistent from case to case about its test for sufficient notice of removeability,[1] I conclude that Mr. Stone's military records provided critical new information not contained in the complaint, information which is adequate to justify removal.[2] Therefore, the Report & Recommendation is not adopted and plaintiff's motion for remand (D.I.27) is denied. An order shall issue.

United States District Judge

---

[1]For example, in *Mims*, defendant argued that the identity of specific ships was irrelevant.  In that case, however, with plaintiffs having already identified a location (Charleston Naval Shipyard), defendant focused on the supposedly new information gleaned from plaintiff's deposition about equipment (identifying naval marine boilers versus, e.g., land-based boilers).

[2]Neither the Report & Recommendation nor plaintiff addressed the question of whether defendant was on notice of the removability of this case from a prior complaint filed in California state court by plaintiff, which complaint included as an attachment a copy of Mr. Stone's military records.  Defendant argued in this regard that, when analyzing whether a "paper" provides notice of removability under § 1446(b)(3), the inquiry is confined to documents generated within the specific state court proceeding that has been removed to federal court.  (D.I.36 at 10-12) Given the lack of an objection pertaining to that issue, it will not be addressed herein.

4